ANGELA L. PADILLA (STATE BAR NO. 154863)
apadilla@orrick.com
JOSHUA D. WATTS (STATE BAR NO. 240977)
jwatts@orrick.com
NICOLE A. ROTH (STATE BAR NO. 244919)
nroth@orrick.com
HILARIE A. LINK (STATE BAR NO. 261527)
hlink@orrick.com
ALEXANDRA G. FREIDBERG (STATE BAR NO. 254027)
afreidberg@orrick.com
STEPHANIE M. COWLES (*Pro Hac Vice*)
scowles@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1-415-773-5700
Facsimile:      +1-415-773-5759

PETER BRANDT (STATE BAR NO. 241287)
JESSICA CULPEPPER (*Pro Hac Vice*)
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, NW
Washington, DC 20037
Telephone:     +1-240-388-5023
Facsimile:      +1-202-778-6132

Attorneys for Plaintiffs
Gloria Avila, Chenda Che, Lita Galicinao, Michelle Long, Glen Magaoay, Janice Magaoay, Jeffrey Origer, Larry Yepez, Lynda Yepez, Wayne Yepez, and the Humane Society

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| GLORIA AVILA, CHENDA CHE, LITA GALICINAO, MICHELLE LONG, GLEN MAGAOAY, JANICE MAGAOAY, JEFFREY ORIGER, LARRY YEPEZ, LYNDA YEPEZ, WAYNE YEPEZ, AND THE HUMANE SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>OLIVERA EGG RANCH, LLC,<br><br>Defendant. | Case No.  2:08-CV-02488 JAM KJM<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**<br><br>*(with one court annotation and one clarifying footnote)* |

The parties to this action, captioned as *Avila v. Olivera Egg Ranch, LLC*, recognize that the case may involve or is likely to involve information of parties from whom discovery may be sought – that, under applicable law, is confidential. In order to protect medical records and other confidential information obtained by the parties in connection with the action and to ensure that such confidential information produced in the litigation is not used or disclosed except in connection with the litigation, the parties, through their counsel of record, hereby stipulate and agree as follows:

A. Any party may designate as "Confidential," as set forth herein, any document or information produced through discovery in the present case that that party or witness considers in good faith to contain non-public, confidential, trade secret, proprietary, or private medical or financial information subject to protection under applicable law (hereinafter "Confidential Information").

B. No Confidential Information may be used for any purpose other than the prosecution or defense of (i) *Avila v. Olivera Egg Ranch, LLC*, or (ii) any other action or dispute that has been or subsequent to the entry of this order is related to and consolidated with *Avila v. Olivera Egg Ranch, LLC* (the actions and proceedings described in (i) and (ii) are referred to herein collectively as "the Actions").

C. A party may designate a document produced by it, which party or witness considers in good faith to contain Confidential Information, by marking the document "Confidential."

D. A party may designate information disclosed by it during a deposition or in response to written discovery that that party or witness considers in good faith to contain Confidential Information by so indicating in said responses or on the record at the deposition. Additionally a party may designate in writing, within 30 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript (or portions of the videotape) and/or specific responses be treated as Confidential Information. The designating party shall indicate in writing the page(s) of the deposition so designated with markings to indicate the extent (i.e., page and line numbers) and nature

(Confidential) of the designation.  All costs associated with the preparation of separate confidential and non-confidential transcripts and videotapes or of executing procedures for denominating Confidential Information in transcripts as referenced in this Section shall be borne by the designating party who shall also arrange for separate payment for such services through the service provider(s).

E. Any Confidential Information that is inadvertently produced without written notice or identification as to its confidential nature may be so designated in writing by the producing party after the realization that the Confidential Information has been produced without such designation.  However, until the discovery materials are designated Confidential as set forth above, the parties shall be entitled to treat the material as non-confidential.  Upon designation, such Confidential Information shall then be treated as Confidential in accordance with the provisions of this Order.

F. Any non-designating party may object to any confidentiality designations or any proposed confidentiality designations in writing or on the record.  Upon such an objection, the parties shall follow the procedures described in paragraph K below.  After any confidentiality designation is made according to the procedures set forth in paragraphs C, D, or E, the designated documents or information shall be treated as confidential until the objection is resolved according to the procedures described in paragraph K below.

G. Except with the prior written consent of the party designating documents or other information confidential or upon prior order of this Court obtained upon notice to such other counsel, documents or information designated "Confidential" shall not be knowingly disclosed to any person other than:

    1. Counsel of record for the respective parties to the Actions, including co-counsel;

    2. Employees of such counsel assisting in the conduct of the Actions for use in accordance with this stipulation and order;

    3. The parties to the Actions (including their employees and affiliates);

    4. Consultants or experts retained for the prosecution or defense of the

Actions, provided that each such consultant or expert shall have executed a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information) before being shown or given any Confidential Information;

5. Any authors of the Confidential Information and any individuals shown to have been an original recipient of the Confidential Information;

6. The Court, court personnel, any jury and court reporters in the Actions;

7. Any mediator or arbitrator retained by any two or more parties to the Actions;

8. Any insurers (including their employees and affiliates) of Defendant, provided that each insurer shall have executed a copy of the Certification annexed to this Order before being shown or given any Confidential Information;

9. Persons engaged by any counsel or party to the Actions to photocopy, image, or maintain the Confidential Information;

10. Witnesses (other than persons described in paragraph G(5)). A witness shall be requested to sign the Certification before being shown Confidential Information. Any witness who will not sign the Certification as requested may nevertheless be shown Confidential Information only in a deposition (or at trial as provided for in paragraph M). At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph D above. Witnesses who will not sign the Certification as requested but who are shown Confidential Information at a deposition shall not be allowed to retain copies of the Confidential Information;

11. Other persons only (i) after notice to all parties and upon order of the Court, or (ii) upon written consent of the producing party.

12. Under no circumstances shall any Confidential Information, be communicated, directly or indirectly, to any member or form of the press or media, or any other person or entity, without the prior consent of the party that designated the Confidential Information.

/////

  H. Copies of information designated "Confidential" by Plaintiffs that are made available for review by Ed Olivera shall be maintained by defense counsel; Ed Olivera shall not retain copies of such information.

  I. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information that are submitted to the Court shall be filed in the manner provided by the applicable Eastern District of California Civil Local Rules which are currently 39-140 and 39-141.[1]

  J. Nothing herein shall restrict a party from using or disclosing its own Confidential Information in any manner it deems appropriate.

  K. If a party contends that any material designated as "Confidential" is not entitled to confidential treatment, that party may at any time give written notice challenging the designation to the party that designated the material (the "designating party") as "Confidential."  The designating party shall respond in writing to the notice challenging the designation within 5 calendar days, or within such other period of time as may be agreed upon by the parties.  If the designating party refuses to remove the "Confidential" designation, its response shall state the reasons for this refusal.  If the parties are unable to resolve their dispute over the designation of the material, any party may move the Court for an order removing the designation or affirming that the designation was properly made.  In the event that any such motion is made, the party that designated the material as "Confidential" shall have the burden of establishing that the material is entitled to confidential treatment.

  L. Notwithstanding any challenge to the designation of material as Confidential Information, all material shall be treated as confidential and shall be subject to the provisions hereof unless and until one of the following occurs:

    1. The party who designated the material as Confidential Information withdraws such designation in writing; or

    2. The Court rules the material is not Confidential Information.

/////

---

[1] As currently numbered, the local rules referenced are denominated simply 140 and 141.

1       M.    In the event any Confidential Information is subpoenaed or requested during the
2 pendency of any of the Actions by any court, regulatory, administrative, law enforcement or
3 legislative body or any person or litigant purporting to have authority to subpoena or request such
4 information, including requests based on any state or federal Freedom of Information Act, notice
5 will be given to the designating party upon receipt. In addition, no Confidential Information shall
6 be so disclosed earlier than the designated date in the subpoena, so as to enable the party to have a
7 reasonable opportunity to seek appropriate relief.

8       N.    All provisions of this Order restricting the communication or use of Confidential
9 Information shall continue to be binding after the conclusion of this action, unless otherwise
10 agreed to by the producing party in writing or ordered by this Court. Upon conclusion of the
11 Actions, a party in the possession of documents designated Confidential, other than that which is
12 contained in attorney work product, discovery responses, deposition transcripts and documents
13 filed with the Court, shall upon written request after termination of the actions either (a) return
14 such documents no later than 90 days after the request, to counsel for the party who provided
15 such documents, or (b) destroy such documents within 90 days upon written consent of the party
16 who provided the documents, and certify in writing within 90 days that the documents have been
17 destroyed.

18       O.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the
19 use of Confidential Information at trial and will continue to apply to Confidential Information
20 unless or until such information is placed in the public record. Nothing herein shall preclude a
21 party from requesting that information used at trial be admitted under seal in accordance with
22 procedures established by the Court at a pretrial conference and applicable law.

23       P.    Nothing herein shall be deemed to waive any applicable privilege or protection, or
24 to affect the ability of a party to seek relief under Federal Rule of Evidence 502 and other
25 applicable law.

26       Q.    This Order may be modified only by the written consent of all parties to the Order
27 and <u>the approval of</u> the Court, or, with respect to the Confidential Information of a specific party,
28 by the written consent of that party that designated the Confidential Information. Nothing

1  contained herein shall be construed or applied to alter or limit the rights of any party under any
2  applicable insurance policies.  This Order shall not prevent any party from later seeking to modify
3  its terms or from seeking any such further provisions or relief as may be deemed appropriate or
4  desirable.
5       R.    The parties will remain bound by this Order and the Court shall retain jurisdiction
6  to enforce this Order after termination of the Actions.
7  **SO STIPULATED.**

Dated:  January 20, 2010

PORTER SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
Telephone:   (916) 929-1481
Facsimile:     (916) 927-3706

By: _/s/ Jared S. Mueller_ (authorized on 1/20/10)
      Jared S. Mueller

*Attorney for Defendant Olivera Egg Ranch LLC*

*I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.*

Dated: January 20, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th St., NW
Washington, DC 20005
Telephone:  (202) 339-8400
Facsimile:   (202) 339-8500

By: _/s/ Alexandra G. Freidberg_
      Alexandra G. Freidberg

*Attorney for Plaintiffs Gloria Avila, Chenda Che, Lita Galicinao, Michelle Long, Glen Magaoay, Janice Magaoay, Jeffrey Origer, Larry Yepez, Lynda Yepez, Wayne Yepez, and the Humane Society*

**IT IS SO ORDERED.**

Dated: January 22, 2010.

_____
U.S. MAGISTRATE JUDGE

**CERTIFICATION**

I, _____, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Regarding Confidential Information dated _____, 2010, in *Avila v. Olivera Egg Ranch, LLC*, Case No. 2:08-CV-02488 JAM KJM. I have been given a copy of and have read that Order and agree to be bound by it. I understand that all such Confidential Information and copies thereof, including, but not limited to, any notes or other transcripts made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to (1) the counsel for any party or other person who provided such Confidential Information, or (2) the counsel who I have retained, or has retained me, for proper disposal or return pursuant to the Order.

DATED:_____        _____