UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA AVILA, CHENDA CHE, LITA GALICINAO, MICHELLE LONG, GLEN MAGAOAY, JANICE MAGAOAY, JEFFREY ORIGER, LARRY YEPEZ, LYNDA YEPEZ, WAYNE YEPEZ, AND THE HUMANE SOCIETY OF THE UNITED STATES,<br><br>    Plaintiffs,<br><br>    v.<br><br>OLIVERA EGG RANCH, LLC,<br><br>    Defendant. | Case No. 2:08-CV-02488 JAM-KJN<br><br>ORDER GRANTING PLAINTIFFS' REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING AND IMPOSING SANCTIONS BASED ON DEFENDANT'S SPOLIATION OF EVIDENCE |

Plaintiffs Gloria Avila, Chenda Che, Lita Galicinao, Michelle Long, Glen Magaoay, Janice Magaoay, Jeffrey Origer, Larry Yepez, Lynda Yepez, Wayne Yepez, and the Humane Society of the United States ("Plaintiffs") filed a "Request for Reconsideration by the District Court of the Magistrate Judge's Ruling" (Docket at #61). The request was opposed by Defendant Olivera Egg Ranch, LLC ("Defendant") (Docket at #63). The matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

1 | The Court, having considered all arguments in support of and
2 | in opposition to the request, and good cause appearing therefore,
3 | IT IS HEREBY ORDERED THAT:
4 |     1.    The Magistrate Judge's Order Denying Plaintiffs' Motion
5 | for Sanctions ("MJ Order") (Docket at #59) is clearly erroneous
6 | and/or contrary to law and shall be set aside. The MJ Order is
7 | contrary to law because it applies the wrong legal standard –
8 | whether evidence was destroyed – rather than taking into
9 | consideration evidence demonstrating that Defendant altered and
10 | failed to preserve relevant evidence by displacing large amounts of
11 | manure sludge from the lagoon to dry. Removal or complete
12 | destruction of evidence, however, is not necessary for a spoliation
13 | determination, but merely one example of spoliation. *Clinton v.*
14 | *California Dept. of Corrections*, 2009 WL 1308984 at *8 (E.D. Cal.
15 | May 11, 2009). The MJ Order is also clearly erroneous in that
16 | sanctions are warranted where the undisputed facts demonstrate that
17 | Defendant failed to preserve evidence that it had a duty to
18 | preserve and which it knew or should have known was relevant given
19 | Plaintiffs' pending discovery requests and which was reasonably
20 | calculated to lead to the discovery of admissible evidence (the
21 | emissions and odors). Defendant never informed Plaintiffs of the
22 | excavation work it was conducting. In addition, defense counsel
23 | never communicated with their client regarding its duty to preserve
24 | relevant evidence. The duty to preserve relevant evidence cannot
25 | be excused away by claiming that "Mr. Olivera is not sophisticated
26 | in these matters" (Docket at #60, p. 10, l. 10-11) or that defense
27 | counsel was unaware that the spoliation was going on. (*Id.*, p. 10,
28 | l. 11-16.) *AmeriPride Services, Inc. v. Valley Indus. Service,*

*Inc.*, 2006 WL 2308442 at *7 (E.D. Cal. 2006). (It is irrelevant that "litigation counsel was unaware of the construction schedule and therefore had no way of knowing that the destruction of evidence was occurring.") As Plaintiffs correctly contend, the MJ Order goes against the entire prophylactic rationale for imposition of an adverse inference sanction. As this court reiterated in *AmeriPride*, "[a]llowing the trier of fact to draw the inference presumably deters parties from destroying relevant evidence before it can be introduced at trial." 2006 WL 2308442 at *5. Accordingly, such a sanction is appropriate in this case.

    2.    At the trial of this matter, the jury will be instructed as follows:

> The Court determined during pretrial proceedings that Defendant willfully and systematically altered and failed to preserve evidence relevant to the issues you have to decide in this case, and that the Defendant carried out this spoliation of evidence at a time it knew it was obligated to preserve the evidence for Plaintiffs' planned inspection. You may infer from this destruction that the evidence Defendant altered or failed to preserve would have been unfavorable to its position on the fact issues that you are being asked to decide in this case.

    3.    Defendant shall reimburse Plaintiffs for their costs and fees incurred (1) in bringing the Motion for Sanctions (Docket ## 32-39); (2) during the meet and confer with defense counsel related to Defendant's actions; and (3) in bringing the instant Request for Reconsideration of Magistrate Judge's Ruling. In addition, Defendant shall reimburse Plaintiffs for their costs expended in the investigation of Defendant's activities including the hiring of an expert witness in ammonia emissions. Within ten

days of the entry of this order, Plaintiffs shall submit with accompanying declaration a statement of the pertinent fees and costs.

IT IS SO ORDERED.

Dated: February 17, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE